UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA JOHNSON AND VENITA WASHINGTON, | ) | |
| | ) | |
| Plaintiffs, | ) | 12 C 5842 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Rhonda Johnson and Venita Washington brought this suit against United Air Lines, Inc., alleging discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. 1. United has moved to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case to the Eastern District of Virginia under 28 U.S.C. §§ 1404(a) or 1406(a). Doc. 21. For the following reasons, the case is transferred to the Eastern District of Virginia.

**Background**

Plaintiffs are flight attendants based at Washington-Dulles Airport, which is located in the Eastern District of Virginia. Doc. 1 at ¶¶ 3-4, 9, 23. Johnson resides in North Carolina, and Washington resides in Ohio. *Id*. at ¶¶ 3-4. Plaintiffs allege that United subjected them to a hostile work environment based on their race (African-American) and sex (female). *Id*. at ¶¶ 58-84. Among other things, the complaint alleges that non-African-American United employees accused Plaintiffs of working as prostitutes during layovers in the Middle East. *Id*. at ¶¶ 8, 12, 24, 28. The complaint also alleges that another African-American employee at Dulles received

-1-

racist hate mail, of which Plaintiffs were made aware. *Id*. at ¶¶ 16, 40-42. The complaint further alleges that United retaliated against Plaintiffs for complaining about the alleged discrimination. *Id*. at ¶¶ 85-93.

Plaintiffs filed administrative charges of discrimination with the Equal Employment Opportunity Commission and received right to sue letters. *Id*. at ¶¶ 18, 56. This suit followed. United answered some of Plaintiffs' claims and moved to dismiss the others under Rule 12(b)(6). Docs. 12, 13. The court granted in part and denied in part the Rule 12(b)(6) motion; the details are unimportant here. Doc. 24. Twenty-one days after filing its answer and Rule 12(b)(6) motion, United amended its answer and filed its venue motion. Docs. 20, 21. Unlike the original answer, which admitted that venue is proper in this District, Doc. 12 at ¶ 2, the amended answer denies that venue is proper. Doc. 20 at ¶ 2.

## Discussion

United argues that the case should be dismissed for improper venue under Rule 12(b)(3) or, in the alternative, that the case should be transferred to the Eastern District of Virginia under §§ 1404(a) or 1406(a). The dismissal and transfer issues are considered in turn.

**I.      Rule 12(b)(3)**

Rule 12(b)(3) allows a defendant to seek dismissal for "improper venue." Fed. R. Civ. P. 12(b)(3). Plaintiffs contend that United waived its ability to seek dismissal under Rule 12(b)(3) because United's first Rule 12(b) motion did not seek dismissal on venue grounds. In support, Plaintiffs cite Rule 12(g)(2), which provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R.

Civ. P. 12(g)(2). Plaintiffs also cite Rule 12(h)(1), which says that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by … omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1); *see Ennega v. Starns*, 677 F.3d 766, 772-73 (7th Cir. 2012).

Plaintiffs are correct. By requiring a defendant to consolidate all available Rule 12 defenses and objections in a single motion, Rule 12(g)(2) prohibits successive Rule 12 motions. Rule 12(g)(2) does carve an exception that allows parties to seek dismissal at any time on the grounds referenced in Rules 12(h)(2) and (3), but those grounds—failure to state a claim for relief, failure to join a person required under Rule 19(b), failure to state a legal defense, and lack of subject matter jurisdiction—are not implicated here. Because the venue objection was available when United filed its first Rule 12 motion and is not excepted by Rules 12(h)(2) or (3), Rule 12(g)(2) prohibited United from filing a second Rule 12 motion seeking dismissal for improper venue under Rule 12(b)(3). *See Aero Techs., LLC v. Lockton Cos. Int'l, Ltd.*, 406 F. App'x 440, 441 (11th Cir. 2010) (holding that the defendant waived its ability to seek dismissal under Rule 12(b)(3) for improper venue where it did not raise venue in its initial Rule 12 motion); *Killian v. Concert Health Plan*, 2008 WL 2561218, at *1 (N.D. Ill. June 24, 2008) ("Rule 12(g) requires a defendant to raise all defenses under 12(b)(2)-(5) at one time, under penalty of waiver."); *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) (same). The Rule 12(b)(3) motion accordingly is denied.

**II.    Sections 1404 and 1406**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …." 28 U.S.C. § 1404(a). Section 1406(a) provides: "The district

court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1404(a) may be invoked only if venue is *proper* in the district where the case was filed. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3844, at 33 (3d ed. 2007 & Supp. 2013) ("[t]ransfer under Section 1404(a) is possible only if venue is proper in the original forum"). By contrast, § 1406(a) may be invoked only if venue is *improper* in the district where the case was filed. *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008); *Schwarz v. Sellers Markets, Inc.*, 812 F. Supp. 2d 932, 939 (N.D. Ill. 2011).

Given this distinction between § 1404(a) and § 1406(a), analysis of a transfer motion ordinarily commences with deciding whether venue is proper in the district where the case was filed. That determination is unnecessary in this case. For the reasons given below, if venue were proper here, then the court would transfer the case to the Eastern District of Virginia under § 1404(a), and if venue were improper here, then the court would do the same thing under § 1406(a). Because the same result obtains under either provision, there is no need to decide which one applies and therefore no need to decide whether venue is proper in this District.[*]

---

[*] If any of Plaintiffs' claims were state law claims, and if Illinois law differed from Virginia law with respect to those claims, the court would have decided whether § 1404(a) or § 1406(a) applied. The reason is that if a case is transferred under § 1404(a), the transferee court must apply the law of the State in which the transferor court sits, while if a case is transferred under § 1406(a), the transferee court must apply the law of the State in which it sits. *See Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010); *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007); 14D Wright, Miller & Cooper, *supra*, § 3826 at 554. Because Plaintiffs bring only federal claims, the transferee court will not be faced with any choice-of-law questions.

### A. Section 1404(a)

United's waiver under Rule 12(g)(2) of its Rule 12(b)(3) motion does not foreclose it from seeking transfer under § 1404(a). *See Carter v. Clark Material Handling Co.*, 1998 WL 89244, at *2 (N.D. Ill. Feb. 17, 1998) ("While a 12(b)(3) motion to dismiss for improper venue must be filed before the answer, a motion to transfer venue may be filed at any time."); *Marsh v. Sun Host, Inc.*, 1989 WL 8619, at *1 (N.D. Ill. Feb. 1, 1989) (same); 14D Wright, Miller & Cooper, *supra*, § 3829, at 749 ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or in a responsive pleading."). A case may be transferred under § 1404(a) if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); *see also Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). All three requirements are satisfied here.

#### 1. Venue in the Transferor and Transferee Courts

As the parties acknowledge, venue in Title VII cases is governed by Title VII's exclusive venue provision, which provides in relevant part that such cases:

> may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). As noted above, the court assumes for purposes of the § 1404(a) analysis that venue is proper in this District. And analysis under § 2000e-5(f)(3) shows that venue is proper in the Eastern District of Virginia.

"[O]nly one of the Title VII venue provisions" must be satisfied to establish venue in a district. *Byas v. Union Pac. R.R. Co.*, 2007 WL 1021976, at *2 (S.D. Ill. Apr. 3, 2007). The Eastern District of Virginia satisfies the provision that makes venue proper "in the judicial district in which the employment records relevant to [the allegedly unlawful] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). United has demonstrated that relevant employment records are kept at Dulles Airport, which is where Plaintiffs were based and which is located within the Eastern District of Virginia. Lee Ann Bode, United's Director of Human Resources for the Inflight East Region, avers that "[t]he employment records relating to the claims made by Plaintiffs Johnson and Washington are also located [at] Washington-Dulles Airport in Dulles, Virginia." Doc. 21-1 at ¶ 5. Dianne Gist, a Manager in Employee Compliance for United, avers that "Mr. [George] Bellomusto, the individual who conducted the investigation relating to Venita Washington, maintained his own hard copy investigation files at Washington-Dulles," that "the managers implicated in Plaintiffs' Complaint also created and maintained their own files related to the claims made by the Plaintiffs and those files are also maintained at Washington-Dulles," and that "[o]ther relevant employment records, including the personnel files for the Plaintiffs, reside in Dulles, Virginia." Doc. 26-1 at ¶¶ 10-12. United's maintenance of these three categories of relevant documents in the Eastern District of Virginia make it a proper venue. *See Johnson v. Potter*, 2007 WL 1118403, at *2 (N.D. Ill. Apr. 13, 2007) (finding venue proper in the district where plaintiff's "official employment records, labor relations records, and EEOC files

are housed"); *Bell v. Woodward Governor Co.*, 2004 WL 1498145, at *2 (N.D. Ill. July 2, 2004) (finding venue proper in the district where "the open position request, job posting, job applications, job offer, and other employment records … are maintained and administered").

In urging a contrary result, Plaintiffs argue that "[w]hile some personnel documents relating to Plaintiffs' employment may well be located and maintained at Plaintiffs' base, Washington-Dulles, the *relevant* records—those related to Title VII complaints and investigations—are in fact maintained, located, and accessed at United's Chicago headquarters." Doc. 25 at 10. In support, Plaintiffs point to deposition testimony by Gist in a previous case suggesting generally that investigation files related to employment cases are maintained in Chicago. *Ibid*. This testimony does not carry the day for Plaintiffs because, at most, it suggests only that *some* relevant records are maintained in Chicago; it does not case doubt on United's submission that other documents are maintained at Dulles Airport. Indeed, Gist's declaration in this case acknowledges, consistent with her prior testimony, that many United employment investigations are performed out of the Chicago office and that records are kept there; the declaration adds the unsurprising point that other records relevant to Plaintiffs' claims are kept at Dulles. Doc. 26-1 at ¶¶ 5-7, 10-12. The presence in the Eastern District of Virginia of at least some employment records relevant to United's allegedly unlawful conduct in this case make that district an appropriate venue. *See Spriggs v. Brownlee*, 2006 WL 1304861, at *7-8 (S.D.N.Y. May 9, 2006) (finding venue proper even though copies of relevant records may have been kept outside the district); *Bell*, 2004 WL 1498145, at * 2 (same); *Ramirez v. England*, 2002 WL 32137121, at *2 (D.D.C. Dec. 6, 2002) (finding venue proper in the district "where some of the relevant employment records are maintained"); *Dais v. Mobil Oil Corp.*, 1979 WL 46, at *2

(S.D.N.Y. June 28, 1976) (finding venue proper in Texas even though some "relevant employment records [were] kept in New York").

### 2. Convenience and the Interests of Justice

Because venue is proper in the transferor and transferee districts, the § 1404(a) analysis turns on the convenience of the parties and the witnesses and on the interests of justice. These two inquiries are distinct. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id*. at 219. The moving party, United, bears the burden of demonstrating that a transfer is warranted under § 1404(a). *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). United has satisfied its burden.

The convenience analysis is governed by five factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *See Law Bulletin Publ'g*, 992 F. Supp. at 1017-19. The first and third factors are neutral or essentially so, while the second, fourth, and fifth factors strongly favor transfer.

The first factor, the plaintiff's choice of forum, carries little weight in this case. Although a plaintiff's choice of forum generally deserves deference, *see Fed. Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979), the deference owed here is substantially reduced because Plaintiffs do not reside in this District—indeed, they reside in Ohio and North Carolina, which are closer to the Eastern District of Virginia than to this District. *See C. Int'l, Inc. v. Turner Constr. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where

the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.") (collecting cases); *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987) (same); 15 Wright, Miller & Cooper, *supra*, § 3848, at 130 ("if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference").

The third factor, the ease of access to proof, is completely neutral. "When documents are easily transferable, access to proof is a neutral factor." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006). Moreover, "[t]his is not a case in which the parties need access to non-documentary proof located in another forum." *Stanley v. Marion*, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004). Although United has centralized at least some human resources functions in Chicago and maintains documents there, there is no reason to think that in this day and age the documents cannot easily be transferred to Virginia. *See Nero v. Am. Fam. Mut. Ins. Co.*, 2011 WL 2938138, at *3 (N.D. Ill. July 19, 2011); *Handler v. Kenneth Allen & Assocs., P.C.*, 2011 WL 1118499, at *3 (N.D. Ill. Mar. 24, 2011) (where "documents are easily transferrable, access to proof is a neutral factor") (citation omitted); *Morris v. Am. Bioscience, Inc.*, 2004 WL 2496496, at *3 (N.D. Ill. Nov. 3, 2004) (the "location of pertinent documents does not militate for or against transfer" because of the "ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country").

The second factor, the situs of material events, slightly favors transfer. Plaintiffs assert that the main event in this case is United's decision not to prevent, investigate, and remediate the harassment that they suffered at Dulles and in airplane cabins around the world; based solely on Gist's deposition testimony in another different case, they maintain that the decision must have

occurred in Chicago. But even if the decision was made in Chicago, Plaintiffs cite no authority for the proposition that the place where the decision was made, rather than the place where the employee felt the decision's effects, is the pertinent situs. The point therefore is forfeited. *See Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407-08 (7th Cir. 2007) ("We agree with the district court's determination that [the plaintiff] waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to Cracker Barrel's motion for summary judgment."), *aff'd on other grounds*, 553 U.S. 442 (2008). Plaintiffs are wrong on the merits in any event, as the most significant situs generally is the place where the relevant decision's effects were felt. *See Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, 2012 WL 1886440, at *19 (N.D. Ill. May 22, 2012) ("Even assuming *arguendo* that all relevant employment decisions were made outside Illinois, neither Florida nor California constitute the situs of all material events because [the plaintiff] Nathan lived and worked in Illinois and felt the effects of [the defendant's] unlawful conduct here."); *Digan v. Euro-Am. Brands, LLC*, 2010 WL 3385476, at *4 (N.D. Ill. Aug. 19, 2010); *McDonald v. Am. Fed'n of Musicians of U.S.A. & Canada, AFL-CIO*, 308 F. Supp. 664, 670 (N.D. Ill. 1970).

The fourth and fifth factors, the convenience of the parties and the witnesses, strongly favor transfer. Plaintiffs admit that this District is no more convenient to them than the Eastern District of Virginia, as they "will be required to travel in the litigation of this case regardless of the outcome of the venue question." Doc. 25 at 15. By contrast, the Eastern District of Virginia is far more convenient to United, given that most of the individuals identified in the complaint work out of Dulles Airport, including Plaintiffs' immediate supervisors and the United employees who investigated Plaintiffs' complaints, particularly Bellomusto. Doc. 21-1 at ¶ 6; *see Nero*,

2011 WL 2938138, at *3 ("The District of Colorado … is more convenient than the Northern District of Illinois to Defendants, whose claims adjusters—likely to be key fact witnesses—are located in Colorado."); *Shakir Dev. & Constr., LLC v. Flaherty & Collins Constr., Inc.*, 2011 WL 2470887, at *3 (N.D. Ill. June 21, 2011) (holding that "the potential disruption to Defendants of requiring their employees to travel to Illinois to testify" favors transfer); *Orthoflex, Inc. v. Thermotek, Inc.*, 2010 WL 5069700, at *4 (N.D. Ill. Dec. 3, 2010) ("One consideration in the convenience of the parties analysis is the cost that parties must incur in making their employees available for deposition and trial."). Plaintiffs point to just a few potential witnesses who work in Chicago, but those witnesses are higher level United employees, and given United's preference for the Eastern District of Virginia, United should be expected to make pertinent Chicago-based employees available for deposition either in Chicago or in the Eastern District of Virginia, depending on Plaintiffs' preference, and to bring those witnesses to trial if the transferee court deems it appropriate.

Taken as a whole, the convenience factors strongly favor transfer. The interest of justice factors do so as well. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal quotation marks and citations omitted); *see also Coffey*, 796 F.2d at 221 ("Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."). The familiarity factor

is neutral because this District and the Eastern District of Virginia are equally familiar with the federal discrimination statutes at issue here. *See Cent. States, Se. & Sw. Areas Pension Fund v. Ehlers Dist., Inc.*, 2012 WL 581246, at *4 (N.D. Ill. Feb. 22, 2012) ("The second factor, familiarity with relevant law, also is a wash. The ERISA and MPPAA principles at issue in this case are federal, leaving both courts fully capable of resolving the legal issues presented by the Fund's suit."); *Powell v. Sparrow Hosp.,* 2010 WL 582667, at *5 (N.D. Ill. Feb. 12, 2010).

The other public interest factors, by contrast, favor transfer. "To assess the relative speed with which the case will be resolved, the Court looks to the Federal Court Management Statistics for (1) the median months from filing to disposition and (2) the median months from filing to trial." *Powell,* 2010 WL 582667, at *5 (internal quotation marks omitted); *see also Nero*, 2011 WL 2938138, at *4. The most recent figures show a modest difference concerning the median months from filing to disposition, 5.2 months in the Eastern District of Virginia versus 6.5 months here, and a truly substantial difference concerning the median months from filing to trial, 11.0 months in the Eastern District of Virginia versus 31.2 months here. *See* Federal Court Management Statistics, September 2012, District Courts, *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-September-2012.aspx. Moreover, because Plaintiffs and most of the individuals involved in this case worked out of Dulles Airport, the Eastern District of Virginia has a stronger relationship to the controversy and a greater interest in resolving it. *See Research Automation*, 626 F.3d at 978; *Publ'ns Int'l, Ltd. v. HDA, Inc.*, 2007 WL 1232199, at *3 (N.D. Ill. Apr. 18, 2007); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999); *Hayley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998).

In sum, with the convenience and interest of justice factors both strongly favoring transfer, the court exercises its discretion to transfer the case to the Eastern District of Virginia.

B.      Section 1406(a)

A court has two options under § 1406(a): "dismiss" the case or, "if it be in the interest of justice, transfer [the] case to any district … in which it could have been brought." 28 U.S.C. § 1406(a); *see Schwarz*, 812 F. Supp. 2d at 942. Here, even putting aside the fact that United does not seek dismissal under § 1406(a), the interests of justice counsel transfer, not dismissal. *See Kuvedina, LLC v. Pai*, 2011 WL 5403717, at *6 (N.D. Ill. Nov. 8, 2011) (electing transfer rather than dismissal under § 1406(a)); *Giles v. Cont'l Cas. Co.*, 2010 WL 481233, at *5 (S.D. Ill. Feb. 5, 2010) ("Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it … . Transfer … avoids the time-consuming and justice-defeating technicalities required to refile a case in [another] venue.") (internal quotation marks omitted); *Hole v. US Cellular*, 2007 WL 527483, at *3 (E.D. Wis. Feb. 13, 2007) (holding that transfer is "a more effective and efficient application of judicial resources"). This is particularly so given the possible statute of limitations problem Plaintiffs would face—Title VII plaintiffs must file suit within ninety days of receiving the EEOC's right-to-sue letter—if the case were dismissed. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Giles*, 2010 WL 481233, at *5; *Gwin v. Reynolds & Reynolds Co.,* 2001 WL 775969, at *2 (N.D. Ill. July 10, 2001).

It is unclear whether United's waiver of its ability to seek dismissal under Rule 12(b)(3) extends to its request for a transfer under § 1406(a), given that such a transfer is premised on venue being improper in this District. *Compare Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) ("if the plaintiff waived her right to object to venue as well, there was no defect of

venue upon which a § 1406(a) transfer could be predicated"), *with Thomas v. Exxon Mobil Oil Corp.*, 2007 WL 489225, at *6 (N.D. Ind. Feb. 8, 2007) ("Even if this Court assumes *arguendo* that Plaintiff waived any objection to venue, … the Court finds that it is appropriate and in the interests of justice to transfer this case *sua sponte* pursuant to 28 U.S.C. § 1406(a) to the Northern District of Illinois."). There is no need to resolve that issue here. If United waived its ability to seek transfer under § 1406(a), the court still would transfer the case to the Eastern District of Virginia under § 1404(a). And if United did not waive its ability to seek transfer under § 1406(a), the court would transfer the case regardless of whether venue were proper in this District, and thus regardless of whether § 1404(a) or § 1406(a) applied.

## Conclusion

For the foregoing reasons, United's motion to dismiss or transfer is granted in part and denied in part. The case is not dismissed, but it is transferred to the Eastern District of Virginia.

January 25, 2013

United States District Judge